IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-49-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL DALE SMITH, ) | |
| ) | |
| Defendant ) | |

This matter is before the court on defendant's motion to reconsider the court's order denying his motion for retroactive application of sentencing guidelines under 18 U.S.C. § 3582 (DE 58), on the basis that under the Fair Sentencing Act of 2010 (the "Act"), he should have been subjected to a mandatory minimum sentence of five years instead of ten years. Defendant is correct that, in light of Dorsey v. United States, where defendant was sentenced after the effective date of the Act, the reduced statutory minimum sentence should have been applied. See Dorsey v. United States, 132 S.Ct. 2321, 2335, (2012). Nevertheless, for the reasons stated below, any error in failing to apply the new statutory minimum under the Act in this case was harmless error. See United States v. Barrett, ___ F. App'x ___, 2014 WL 2120001 *4 (4th Cir. May 22, 2014) (holding, on appeal of denial of § 3583 motion based on Dorsey, that "[a]ny sentencing error that does not affect the substantial rights of the defendant is harmless and must be disregarded") (internal quotations omitted).

In particular, at sentencing, the court applied the Act to reduce the total offense level from 35 to 33, resulting in a guideline imprisonment range of 151 to 188 months. The court considered defendant's motion in favor of a below guidelines sentence, and upon consideration of all sentencing factors the court granted the motion and chose to impose a sentence of 127 months, above the pre-Act ten-year minimum sentence. Because the sentence actually imposed upon consideration of all sentencing factors was above both the pre-Act and post-Act minimum sentence, the change in mandatory minimum sentence would not have had any impact on the outcome of the sentencing. See United States v. Boomer, 519 F. App'x 778, 781 (4th Cir. 2013) cert. denied, 134 S. Ct. 491 (2013) (holding that error in failing to apply mandatory minimum sentence under Dorsey was harmless error where "the district court considered [defendant's] arguments, recognized that it had discretion to vary below the Guidelines range and chose to impose a sentence above the pre-FSA ten-year statutory minimum sentence."). Accordingly, the court DENIES defendant's motion for reconsideration.

SO ORDERED, this the 12th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

2